**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-10041 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-00010-MMD-CLB-1 |
| v. | |
| JAIME COLLAZO MUNOZ, AKA Chivo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted May 16, 2024
Phoenix, Arizona

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Defendant Jaime Collazo Munoz appeals his convictions for two counts of

fentanyl distribution, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), and his

sentence of 60 months' imprisonment. We affirm.

1. The district court neither manifestly erred nor abused its discretion in

striking a prospective juror for cause. See United States v. Kechedzian, 902 F.3d

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1023, 1027 (9th Cir. 2018) (stating standard of review). The prospective juror stated several times during voir dire that he likely could not be impartial because of a past encounter with law enforcement. See United States v. Padilla-Mendoza, 157 F.3d 730, 733 (9th Cir. 1998) ("The central inquiry in determining whether a juror should be removed for cause is whether that juror holds a particular belief or opinion that will prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." (citations and internal quotation marks omitted)).

2. The district court did not err in allowing the government to use a peremptory challenge against a different prospective juror. See Tolbert v. Page, 182 F.3d 677, 680 n.5 (9th Cir. 1999) (en banc) (stating that we review de novo whether the government's justification is an adequate, race-neutral explanation). We hold that the government's proffered reason for dismissing the prospective juror—that he expressed that he felt he was biased against law enforcement—was an adequate, race-neutral explanation. See Cook v. LaMarque, 593 F.3d 810, 821 (9th Cir. 2010) (stating that, when the government plans to call several law enforcement witnesses, a juror's response that "reflects outright bias against law enforcement witnesses" is a legitimate justification for striking that juror).

3. Nor did the district court err in denying Defendant's motion for acquittal premised on alleged entrapment. See United States v. Lorenzo, 43 F.3d 1303, 1305

(9th Cir. 1995) (stating that we review de novo the district court's ruling on entrapment, as a matter of law); see also United States v. Jones, 231 F.3d 508, 516 (9th Cir. 2000) (explaining that we "should not disturb the jury's finding unless, viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the government had disproved either of the elements of the entrapment defense").

A reasonable jury could have found beyond a reasonable doubt that the government did not induce Defendant to distribute fentanyl. See United States v. Gomez, 6 F.4th 992, 1001 (9th Cir. 2021) (stating that the affirmative defense of entrapment requires both inducement and absence of predisposition). Although Defendant was friends with the confidential informant ("CI") who was involved in the incidents when Defendant distributed fentanyl, evidence at trial—including a recorded conversation between Defendant and the CI, and Defendant's testimony—supports the conclusion that there was no inducement. For instance, Defendant stated that, if the CI's buyer "has the money[,] I can get whatever he wants."

In addition, a reasonable jury could have found that Defendant was predisposed to distribute fentanyl. Defendant testified that he "was always buying" drugs, including cocaine and marijuana, for himself and his friends before the CI approached him about providing fentanyl, and the recorded conversation

shows that Defendant expressed little, if any, reluctance when the CI approached him. See id. at 1004 (stating that the most important factors in analyzing predisposition are the defendant's character or reputation and whether the defendant showed any reluctance).

4. The district court correctly applied the sentencing enhancement for possession of a firearm, pursuant to United States Sentencing Guideline § 2D1.1(b)(1), because it properly determined that Defendant possessed an AR-15 rifle in connection with the offenses. See United States v. Scheu, 83 F.4th 1124, 1126 (9th Cir. 2023) (stating that we review de novo the district court's legal interpretation of the Guidelines, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error). Defendant's argument that we must presume that his possession of the AR-15 rifle was lawful is not pertinent, because the enhancement applies to both lawfully and unlawfully possessed firearms. See U.S. Sent'g Guidelines Manual § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase [offense level] by 2 levels.").

5. Finally, the district court properly denied safety-valve relief under 18 U.S.C. § 3553(f). See United States v. Mejia-Pimental, 477 F.3d 1100, 1103 (9th Cir. 2007) (stating that we review for clear error the factual determination that a defendant is eligible for safety-valve relief). Defendant failed to meet his burden

4

of showing by a preponderance of the evidence that he did not possess a firearm in connection with the offense. See 18 U.S.C. § 3553(f)(2). Furthermore, the district court did not clearly err in concluding that Defendant was ineligible for an additional reason; he had not truthfully provided to the government all information and evidence he had concerning the offenses. See 18 U.S.C. § 3553(f)(5); see also United States v. Ferryman, 444 F.3d 1183, 1186 (9th Cir. 2006) (stating that, in the context of safety-valve relief, appellate courts "pay special deference to a trial court's credibility findings").

**AFFIRMED.**